**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAVIER MEDELLIN,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-07-3149 |
| | § | |
| GENERAL MOTORS<br>CORPORATION,<br>    Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM AND ORDER**

This products liability action is before the Court on Plaintiff Javier Medellin's Motion for Leave to File Amended Pleading ("Motion to Amend") [Doc. # 17], to which Defendant General Motors Corporation ("GM") filed a Response [Doc. # 25], and Plaintiff filed a Reply [Doc. # 28]. The Court has reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **grants** the Motion to Amend and, pursuant to 28 U.S.C. § 1447(e), **remands** this case to Texas state court.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he was driving his GM pick-up truck when he struck a concrete truck. The airbags in his vehicle failed to deploy and Plaintiff was severely injured.

Plaintiff filed this lawsuit in Texas state court against GM alleging a manufacturer's defect in the airbag deployment system. GM removed the case to federal court. After removal, Plaintiff filed the pending Motion to Amend seeking to join Jerry's GM, Ltd. ("Jerry's GM") as a defendant. Jerry's GM sold the pick-up truck to Plaintiff and, more importantly, performed repairs to the pick-up truck in connection with a recall notice issued by GM. Plaintiff alleges that the recall notice related to problems with the diagnostic sensory modules affecting the airbag deployment system. Plaintiff alleges that Jerry's GM negligently performed the repair work and that, as a result, Jerry's GM is potentially liable in addition to GM. Defendant opposes the Motion to Amend, noting that joinder of Jerry's GM will destroy diversity jurisdiction. The Motion to Amend has been fully briefed and is ripe for decision.

## II.  ANALYSIS

Where, as here, a plaintiff seeks leave to join an additional defendant "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e); *see also Campbell v. Stone Ins., Inc.*, ___ F.3d. ___, 2007 WL 4248211, * 6, n.2 (5th Cir. Dec. 5, 2007). To determine whether to grant a plaintiff's post-removal request to join a non-diverse defendant, the Court considers the following factors: (1) whether the

plaintiff is simply attempting to defeat federal jurisdiction, (2) whether the plaintiff asked for the amendment in a timely fashion, (3) whether the plaintiff will suffer significant prejudice if the amendment is not allowed, and (4) any other factors relevant to the equities.  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987); *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 668-69 (E.D. La. 2007); *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, * 3 (S.D. Tex. Jan. 5, 2004).

There is no indication that Plaintiff in his Motion to Amend is merely attempting to defeat federal subject matter jurisdiction.  Plaintiff seeks to add a party who, accepting Plaintiff's allegations as true for purposes of the joinder analysis, clearly has potential liability for Plaintiff's injuries.

Plaintiff filed the Motion to Amend in a timely manner.  The deadline for joining new parties is February 1, 2008, and the deadline for amendments to pleadings is June 1, 2008.  Plaintiff filed his Motion to Amend approximately nine weeks after removal and well before these deadlines.

Plaintiff will suffer significant prejudice if he is not permitted to join Jerry's GM as a defendant in this case, and Defendant could be prejudiced by the exclusion of a potentially liable third-party.  If joinder is not permitted, Plaintiff will be forced to sue Jerry's GM in state court, wasting judicial resources, increasing the expense and

inconvenience for *all* parties, and risking inconsistent decisions on discovery, liability, and other issues.

Consideration of the relevant factors heavily favors allowing Plaintiff to join Jerry's GM as a defendant. There is nothing to indicate Plaintiff is simply trying to defeat jurisdiction. Indeed, Plaintiff clearly alleges a factual and legal basis for Jerry's GM's potential liability. The Motion to Amend was timely filed well before the deadline for joining new parties. Plaintiff, as well as Defendant, would face significant prejudice if the Motion to Amend were denied. As a result, notwithstanding the fact that joinder of Jerry's GM will defeat jurisdiction and require remand, the Court concludes that the Motion to Amend should be granted.

### III.   <u>CONCLUSION AND ORDER</u>

Plaintiff filed a timely Motion to Amend seeking to add an additional defendant whose joinder would destroy diversity. Joinder of the additional defendant is important to Plaintiff *and* to Defendant. These and other considerations heavily favor joinder of Jerry's GM as a defendant in this case. Because joinder of the non-diverse defendant destroys this Court's subject matter jurisdiction, the case will be remanded pursuant to 28 U.S.C. § 1447(e). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 17] is **GRANTED** and Plaintiff's amended complaint [Doc. # 18] is deemed filed.  The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **26th** day of **December, 2007**.

Nancy F. Atlas
United States District Judge